UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

---x

JUDGE McMAHON

TIFFANY ASBERRY,

Plaintiff,

-against-

CORINTHIAN MEDIA, INC.; LARRY SCHNEIDERMAN; IMAN LABABEDI; and CHARLOTTE PELCMAN,

Defendants.

---x

**VERIFIED COMPLAINT**

Index No.:

FEB - 4 2009
U.S.D.C. S.D. N.Y.
CASHIERS

Plaintiff, by and through her undersigned counsel, Mark L. Lubelsky & Associates, as and for a Verified Complaint, respectfully set forth the following:

**NATURE OF THE CASE**

1. This complaint is filed by Plaintiff TIFFANY ASBERRY, by and through her attorneys Mark L. Lubelsky & Associates, a former employee of Defendant CORINTHIAN MEDIA, INC.

2. Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices of Defendants including but not limited to discrimination on the basis of Plaintiff's pregnancy status, pregnancy-related conditions and/or her role as family caretaker and/or for unlawful retaliation for engagement in protected activities.

**JURISDICTION AND VENUE**

3. The jurisdiction of this court over this controversy is invoked pursuant 28 U.S.C. 1331 and 29 U.S.C. 2617 and pendent jurisdiction thereto.

4. The jurisdiction of this court over the causes of action under New York State Executive Law and New York City Administrative Code is invoked pursuant to 28 U.S.C. 1367.

5. The Southern District of New York is proper venue pursuant to contract between the parties and residence of the defendant.

**PARTIES**

6. Plaintiff TIFFANY ASBERRY is a female resident of New York County, State of New York, United States of America.

7. Plaintiff TIFFANY ASBERRY is and was a resident of the State of New York at all relevant times.

8. Upon information and belief, Defendant CORINTHIAN MEDIA, INC. (hereinafter, "CORINTHIAN MEDIA") is a foreign business corporation doing business in New York and is subject to the jurisdiction of this Court.

9. Upon information and belief, Defendant CORINTHIAN MEDIA is a corporation maintaining a place of business within the County, City and State of New York and is subject to the jurisdiction of this Court.

10. Upon information and belief, that at all times hereinafter mentioned, Defendant LARRY SCHNEIDERMAN was a supervisory employee of CORINTHIAN MEDIA.

11. Upon information and belief, that at all times hereinafter mentioned, Defendant LARRY SCHNEIDERMAN was an agent and/or employee of CORINTHIAN MEDIA.

12. Upon information and belief, that at all times hereinafter mentioned, Defendant LARRY SCHNEIDERMAN was an employee under the dominion and control of defendant CORINTHIAN MEDIA.

13. Upon information and belief, that at all times hereinafter mentioned, Defendant IMAN LABABEDI was a supervisory employee of CORINTHIAN MEDIA.

14. Upon information and belief, that at all times hereinafter mentioned, Defendant IMAN LABABEDI was an agent and/or employee of CORINTHIAN MEDIA.

15. Upon information and belief, that at all times hereinafter mentioned, Defendant IMAN LABABEDI was an employee under the dominion and control of defendant CORINTHIAN MEDIA.

16. Upon information and belief, that at all times hereinafter mentioned, Defendant CHARLOTTE PELCMAN was a supervisory employee of CORINTHIAN MEDIA.

17. Upon information and belief, that at all times hereinafter mentioned, Defendant CHARLOTTE PELCMAN was an agent and/or employee of CORINTHIAN MEDIA.

18. Upon information and belief, that at all times hereinafter mentioned, Defendant CHARLOTTE PELCMAN was an employee under the dominion and control of defendant CORINTHIAN MEDIA.

19. Defendant CORINTHIAN MEDIA employed Plaintiff TIFFANY ASBERRY at all relevant and material times herein.

## FACTUAL ALLEGATIONS

20. On or about October 3, 2006, Plaintiff TIFFANY ASBERRY commenced employment with Defendant CORINTHIAN MEDIA as an Assistant Media Buyer.

21. Plaintiff TIFFANY ASBERRY was a good and valuable employee throughout the course of the term of her employment.

22. In or about early-November 2006, Plaintiff TIFFANY ASBERRY was told that she would be receiving a raise.

23. In or about early-November 2006, Plaintiff TIFFANY ASBERRY advised Defendants that she was pregnant.

24. Upon learning of Plaintiff TIFFANY ASBERRY's pregnancy, Defendant IMAN LABABEDI stated, "You know that you're not going to get that raise now that you're pregnant." Plaintiff TIFFANY ASBERRY never received a raise.

25. Mr. Lababedi thereafter continuously made sexually inappropriate comments and gestures and made work demands that would have been unreasonable for any employee.

26. In or about mid-November 2006, Plaintiff TIFFANY ASBERRY reported Defendant IMAN LABABEDI's harassment to Defendant CHARLOTTE PELCMAN and she merely responded that, "Iman is the way he is and he's not going to change for you, neither will this organization or this industry…You can't come here and expect to change things."

27. In or about mid-December 2006, during an exchange between Defendant LARRY SCHNEIDERMAN and IMAN LABABEDI when Plaintiff TIFFANY ASBERRY was bending over a file cabinet, Defendant LARRY SCHNEIDERMAN said in a sexually suggestive manner, "There's nothing like a pregnant woman to look at," to which Defendant IMAN LABABEDI replied, "I know, I get to look at that all day long."

28. In or about mid-December 2006, after Plaintiff TIFFANY ASBERRY made numerous complaints to human resources, Defendant LARRY SCHNEIDERMAN attempted to justify the company's behavior towards me when he stated, "This Company has been burnt too many times by pregnant women."

29. In or about early-February 2007, Defendant LARRY SCHNEIDERMAN suggested that Plaintiff TIFFANY ASBERRY invited the discriminatory behavior upon herself when he said, "You knew that you were pregnant before you started this job, so you put yourself in a stressful and hostile environment."

30. In or about early-March 2007, Plaintiff TIFFANY ASBERRY arrived at work after a morning pre-natal appointment and her entire department was engaged in a meeting. Plaintiff TIFFANY ASBERRY asked if she could join the meeting and Defendant LARRY SCHNEIDERMAN denied her attendance because he said the meeting was just wrapping up. The meeting ended more than an hour later.

31. In or about early-April 2007, Plaintiff TIFFANY ASBERRY was questioned by Defendant IMAN LABABEDI about personal medical information in front of co-workers such as "When are you going on maternity leave?" and "Are you scheduling a vaginal or c-section?"

32. On or about April 20, 2007, pursuant to the advice of her physician, Plaintiff TIFFANY ASBERRY gave Defendant CORINTHIAN notice and went on bed-rest as she entered the final month of her pregnancy.

33. On or about May 27, 2007, Plaintiff TIFFANY ASBERRY was admitted to the hospital.

34. On or about May 28, 2007, Plaintiff TIFFANY ASBERRY gave birth to her son.

35. On or about May 30, 2007, Plaintiff TIFFANY ASBERRY left the hospital.

36. Shortly thereafter, Plaintiff was terminated.

37. Upon information and belief, Defendants IMAN LABEBEDI and LARRY SCHNEIDERMAN have a record and pattern of practice of knowingly and intentionally engaging in conduct insulting to and degrading of women.

38. Defendants knowingly and intentionally provided for and encouraged a hostile workplace environment permeated with discriminatory intimidation, ridicule, and insult that was sufficiently severe and/or pervasive to alter the conditions of the plaintiff's employment, create an abusive working environment and interfere with plaintiff's job performance.

39. Defendants intentional actions created a hostile working environment that no reasonable person of could be expected to endure.

40. Defendants' intentional actions and omissions were pervasive, regular and unwelcome.

41. Defendants knowingly and intentionally provided a hostile work environment due to Plaintiff's pregnancy status, pregnancy-related conditions and/or her role as family caretaker.

42. Defendants knowingly and intentionally provided a hostile work environment in retaliation for Plaintiff's engagement in protected activities including but not limited to issuing complaints of sexual harassment and/or discrimination on the basis of Plaintiff's pregnancy status, pregnancy-related conditions and/or her role as family caretaker.

43. Defendants knowingly and intentionally terminated Plaintiff in retaliation for Plaintiff's engagement in protected activities including but not limited to issuing complaints of sexual harassment and/or discrimination on the basis of Plaintiff's pregnancy status, pregnancy-related conditions and/or her role as family caretaker.

44. Defendants engaged in discriminatory conduct of a continuous nature that constituted a continuing violation.

45. Defendants acted with malice and/or reckless and/or callous disregard of Plaintiff's civil rights and defendant's civil obligations.

46. Defendants acted with a criminal like indifference to Plaintiff's civil rights and to defendant's civil obligations.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

47. On or about July 26, 2007, Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission (hereinafter "EEOC") that alleged the discrimination and retaliation set forth in the allegations of this complaint.

48. Plaintiff's EEOC case number was 520-2007-03893.

49. Plaintiff's investigator was Jeanette Jimenez.

50. The EEOC did not render any administrative decision regarding Plaintiff 's Charge of Discrimination.

51. The EEOC provided Plaintiff with a Right to Sue Letter dated February 4, 2009. (See, Notice of Right to Sue, attached hereto as Exhibit A).

**FIRST CAUSE OF ACTION FOR DISCRIMINATION UNDER FEDERAL LAW**

52. Plaintiff repeats and reiterates each and every allegation contained in paragraphs numbered "1" through "51" inclusive, with the same force and effect as if more fully set forth at length herein.

53. Defendants engaged in unlawful discriminatory practice in violation of 42 U.S.C. 2000e, et. seq.

54. Defendants discriminated against Plaintiff with regard to the terms and conditions of employment on the basis of Plaintiff's pregnancy status, pregnancy-related conditions and/or her role as family caretaker and/or in retaliation for Plaintiff's engagement in protected activated including but not limited to complaints of discrimination.

55. Defendants acted with specific intent and/or malice and/or reckless and/or callous disregard of Plaintiff's civil rights and Defendants' civil obligation.

56. Defendants acted with a criminal like indifference to Plaintiff's civil rights and to Defendants' civil obligations.

57. Plaintiff respectfully prays for the following relief:

a. Compensatory damages including but not limited to front pay, back pay, severe emotional distress, mental anguish, and humiliation

b. Punitive damages in the maximum amount permitted under statute based on the size of Defendant's workforce.

c. Costs of this action together with reasonable attorneys' fees, as provided by 42 U.S.C. 2000e-6(k).

d. Such other and further relief as this Court deems necessary and proper.

58. That as a result of the foregoing damages Plaintiff should be awarded a monetary sum in the amount of TEN MILLION DOLLARS ($10,000,000.00).

**SECOND CAUSE OF ACTION FOR DISCRIMINATION UNDER NEW YORK STATE LAW**

59. Plaintiff repeats and reiterates each and every allegation contained in paragraphs numbered "1" through "58" inclusive, with the same force and effect as if more fully set forth at length herein.

60. Defendants engaged in an unlawful discriminatory practice in violation of New York State Executive Law 291 and 296, et seq.

61. Defendants discriminated against Plaintiff with regard to the terms and conditions of employment on the basis of Plaintiff's pregnancy status, pregnancy-related conditions and/or her role as family caretaker and/or in retaliation for Plaintiff's engagement in protected activated including but not limited to complaints of discrimination.

62. Defendants LARRY SCHNEIDERMAN, IMAN LABABEDI and CHARLOTTE PELCMAN aided and abetted the discrimination against Plaintiff with regard to the terms and conditions of employment on the basis of Plaintiff's pregnancy status, pregnancy-related conditions and/or her role as family caretaker

and/or in retaliation for Plaintiff's engagement in protected activated including but not limited to complaints of discrimination.

63. Defendants acted with specific intent and/or malice and/or reckless and/or callous disregard of Plaintiff's civil rights and Defendants' civil obligation.

64. Defendants acted with a criminal like indifference to Plaintiff's civil rights and to Defendants' civil obligations.

65. Plaintiff respectfully prays for the following relief:

a. Compensatory damages including but not limited to front pay, back pay, severe emotional distress, mental anguish, and humiliation.

b. Punitive damages.

c. Costs of this action together with reasonable attorneys' fees.

d. Such other and further relief as this Court deems necessary and proper.

66. That as a result of the foregoing damages Plaintiff should be awarded a monetary sum in the amount of TEN MILLION DOLLARS ($10,000,000.00).

**THIRD CAUSE OF ACTION FOR DISCRIMINATION UNDER NEW YORK CITY LAW**

67. Plaintiff repeats and reiterates each and every allegation contained in paragraphs numbered "1" through "66" inclusive, with the same force and effect as if more fully set forth at length herein.

68. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code 8-107 et seq.

69. Defendants discriminated against Plaintiff with regard to the terms and conditions of employment on the basis of Plaintiff's pregnancy status, pregnancy-related conditions and/or her role as family caretaker

and/or in retaliation for Plaintiff's engagement in protected activated including but not limited to complaints of discrimination.

70. Defendants LARRY SCHNEIDERMAN, IMAN LABABEDI and CHARLOTTE PELCMAN aided and abetted the discrimination against Plaintiff with regard to the terms and conditions of employment on the basis of Plaintiff's pregnancy status, pregnancy-related conditions and/or her role as family caretaker and/or in retaliation for Plaintiff's engagement in protected activated including but not limited to complaints of discrimination.

71. Defendants acted with specific intent and/or malice and/or reckless and/or callous disregard of Plaintiff's civil rights and Defendants' civil obligation.

72. Defendants acted with a criminal like indifference to Plaintiff's civil rights and to Defendants' civil obligations.

73. Plaintiff respectfully prays for the following relief:

a. Compensatory damages including but not limited to front pay, back pay, severe emotional distress, mental anguish, and humiliation

b. Punitive damages.

c. Costs of this action together with reasonable attorneys' fees, as provided by 42 U.S.C. 2000e-6(k).

d. Such other and further relief as this Court deems necessary and proper.

74. That as a result of the foregoing damages Plaintiff should be awarded a monetary sum in the amount of TEN MILLION DOLLARS ($10,000,000.00).

**<u>AS AND FOR A FOURTH CAUSE OF ACTION FOR PUNITIVE DAMAGES</u>**

75. Plaintiff repeats and reiterates each and every allegation contained in paragraphs numbered "1" through "74" inclusive, with the same force and effect as if more fully set forth at length herein.

76. By discriminating against Plaintiff because of her gender, her refusal to accede to sexual demands, and in retaliation for her complaints about sexual harassment and hostile work environment, Defendants committed an egregious, malicious and willful tortious act.

77. Defendants acted with specific intent and/or malice and/or reckless and/or callous disregard of Plaintiff's civil rights and Defendants' civil obligations.

78. Defendants acted with a criminal like indifference to Plaintiff's civil rights and to Defendants' civil obligations.

79. Defendants' conduct was directed at the public generally.

80. An award of punitive damages is necessary to deter the Defendants and other similarly situated from engaging in similarly egregious conduct in the future.

81. That as a result of the foregoing Plaintiff should be awarded a monetary award of punitive damages in the amount of TEN MILLION DOLLARS ($10,000,000.00).

WHEREFORE, Plaintiff demands a judgment against Defendant in the sum of TEN MILLION DOLLARS ($10,000,000.00) on the first cause of action; in the sum of TEN MILLION DOLLARS ($10,000,000.00) on the second cause of action; in the sum of TEN MILLION DOLLARS ($10,000,000.00) on the third cause of action; in the sum of TEN MILLION DOLLARS ($10,000,000.00) on the fourth cause of action; together with the costs and disbursements of this action and interest form the date of verdict rendered thereon.

Dated: New York, New York MARK L. LUBELSKY AND ASSOCIATES

February 4, 2009

By: ______________________

Mark L. Lubelsky, Esq.
Attorneys for Plaintiff
123 West 18th Street, 8th Floor
New York, NY 10011
(212) 242-7480

# EXHIBIT A

EEOC Form 161-B (3/98) U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

# NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

To: **Tiffany Asberry c/o**
**David E. Gottlieb, Esq.**
**Mark L. Lubelsky & Associates**
**123 West 18th Street**
**8th Floor**
**New York, NY 10011**

From: **New York District Office**
**33 Whitehall Street**
**5th Floor**
**New York, NY 10004**

☐ *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **520-2007-03893** | **Hazel C. Stewart, Supervisory Investigator** | **(212) 336-3776** |

*(See also the additional information enclosed with this form.)*

NOTICE TO THE PERSON AGGRIEVED:

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice.** Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

[signature]
**Spencer H. Lewis, Jr.,**
**Director**

FEB. 4, 2009
*(Date Mailed)*

Enclosures(s)

cc: **Corinthian Media, Inc. c/o**
Norman A. Jenkins, Esq.
Troutman Sanders LLP
The Chrysler Building
405 Lexington Avenue
New York, NY 10174

Enclosure with EEOC
Form 161-B (3/98)

## INFORMATION RELATED TO FILING SUIT UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law. If you also plan to sue claiming violations of State law, please be aware that time limits and other provisions of State law may be shorter or more limited than those described below.)*

### PRIVATE SUIT RIGHTS -- Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), or the Age Discrimination in Employment Act (ADEA):

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days of the date you *receive* this Notice**. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

### PRIVATE SUIT RIGHTS -- Equal Pay Act (EPA):

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/00 to 12/1/00, you should file suit before 7/1/02 -- *not* 12/1/02 -- in order to recover unpaid wages due for July 2000. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice and within the 2- or 3-year EPA back pay recovery period.

### ATTORNEY REPRESENTATION -- Title VII and the ADA:

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do not relieve you of the requirement to bring suit within 90 days.

### ATTORNEY REFERRAL AND EEOC ASSISTANCE -- All Statutes:

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months of this Notice**. (Before filing suit, any request should be made within the next 90 days.)

***IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.***



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**New York District Office**

33 Whitehall Street, 5th Floor
New York, NY 10004-2112
For General Information: (800) 669-4000
TTY: (800)-669-6820
District Office: (212) 336-3630

# TELECOPIER TRANSMITTAL

## OFFICIAL GOVERNMENT BUSINESS

| **TO:** | | | |
|---|---|---|---|
| *Recipient:* | ~~Mark L. Lubelsky, Esq.~~ M. Gottlieb, Esq. | | |
| *Location:* | Mark L. Lubelsky and Associates | | |
| *Fax number:* | (646) 619-4631 | *Phone #:* | 212-242-7480 |
| *# of pages incl. cover sheet:* | 3 | | |
| *Date:* | 2/4/2009 | | |

| **FROM:** | | | |
|---|---|---|---|
| *Sender:* | **Jeanette M. Jiménez, Investigator** | | |
| *Phone number:* | (212) 336-3761 | *E-mail:* | |
| *Fax number:* | (212) 336-3624 | | |

**MESSAGE:** See attached right to sue.

## CONFIDENTIALITY NOTICE

This communication is intended for the sole use of the person to whom it is addressed and may contain information that is privileged, confidential, and exempt from disclosure.

Any dissemination, distributions, or copying of this communication by anyone other than the intended recipient or the person responsible for its delivery is strictly prohibited.

If you have received this communication in error, please phone the sender immediately (if necessary, call collect) and either destroy the communication or return it to the above address.

## SPECIAL INSTRUCTIONS

If you do not receive all pages or there are problems with the transmission, you should immediately phone the above sender. If you discover missing pages or other problems with the transmission at a later time, contact the sender at his/her telephone number indicated above.

CLIENT VERIFICATION

TIFFANY ASBERRY, being duly sworn deposes and says the following under the penalties of perjury:

I am the plaintiff in the within action, and as such, I am fully familiar with all the facts and circumstances herein.

I have read the foregoing COMPLAINT, and know the contents thereof; the same is true to my own knowledge, except as to the matters therein alleged to be on information and belief, and as to those matters, I believe them to be true.

Dated: New York, New York
December 23, 2008

TIFFANY ASBERRY

State of New York )
) ss.:
County of New York )

On the 30 day of December, in the year 2008 before me, the undersigned, a Notary Public in and for the State, personally appeared TIFFANY ASBERRY personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s) or the person upon behalf of which the individual(s) acted, executed the instrument

Notary Public: State of New York

**David Evan Gottlieb**
**Notary Public**
**State of New York**
**No. 02G06181079**
**My Commission Exp 01-22-20 12**